UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SUPPRESSED
FILED
OCT 19 2016
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) No. |
| SYED TARIQ ALI, | ) 4:16CR00463 AGF/NCC |
| Defendant. | ) |

## INDICTMENT

### COUNT I – FALSE STATEMENT

*The Government Program*

1. At all relevant times, the Defendant was an approved Section 8 Tenant-Based Assistant Program ("Section 8") landlord.

2. Under Section 8, the St. Louis Housing Authority or another local housing authority administers federal funds provided through the United States Department of Housing and Urban Development ("HUD") to landlords renting to low-income people.

3. Qualified tenants apply for and receive Housing Assistant Program ("HAP") vouchers through a local housing authority.

4. Landlords apply to participate in Section 8 through the local housing authority which evaluates potential landlords' properties. If accepted into the Section 8 program, landlords sign both a lease with Section 8-qualified tenants and a HAP contract with the local housing authority.

5. After entering into the aforementioned lease and contract under Section 8, a landlord receives part or all of the rent associated with the aforementioned lease directly from the local authority. This rent represents federal funds appropriated for low income housing through HUD.

6. In addition to the lease and contract discussed above, Section 8 tenants and landlords must certify, among other things, annually that all Section 8 leases to which they are a party are being administered consistently with the original terms of the lease. With respect to a Section 8 lease, this includes re-certifying that a tenant (1) has no interest in the property rented and (2) has made no payments to the landlord outside of the lease agreement.

*The Lease*

7. On or about June 1, 2012, the Defendant entered into a Section 8 lease with F.M. for a residence at 3413 Utah, St. Louis, Missouri (the "residence"). The lease ran from June 1, 2012 through May 31, 2013 and listed the spouse of F.M. as a resident.

8. In the lease, Defendant acknowledged that "[e]xcept for the rent to owner, the owner has not received and will not receive any payments or other consideration (from the family…) for rental" of the residence.

9. In the lease, Defendant further acknowledged that "[t]he family does not own or have any interest" in the residence.

10. Sometime after the lease was signed and continuing until early 2014, Defendant and M.A., the husband of F.M., entered into an agreement for M.A. to purchase the residence.

11. Beginning in late 2012 and continuing into early 2014, M.A. made a number of cash payments to the Defendant in execution of their agreement for M.A. to purchase the residence.

12. On or about April 10, 2013, the Defendant executed a "Lease and Housing Assistance Payments (HAP) Contract Renewal" which affirmed that the terms of the lease between F.M. and himself remain unchanged. Defendant made this certification despite having agreed to sell the residence to F.M.'s spouse and having accepted numerous large cash payments in execution of that sale agreement.

13. On or about June 2, 2014, having accepted $47,000 in payments pursuant to the

aforementioned agreement, the Defendant conveyed the residence to M.A. by means of a quitclaim deed.

14. During the term of the aforementioned lease for the residence between the Defendant and F.M., $16,220 in funds of the United States, administered through the St. Louis Housing Authority, were paid to the Defendant to subsidize the rent of F.M. and M.A.

*The Offense Conduct*

15. On or about April 10, 2013 in the Eastern District of Missouri, the Defendant,

**SYED TARIQ ALI,**

in a matter within the jurisdiction of the United States, did knowingly and willfully make a false, material statement, to wit: falsely certifying his lease for the residence was in compliance with its terms.

In violation of Title 18, United States Code Section 1001(a)(2).

## COUNT II - BANK FRAUD

*Introduction*

16. At all relevant times, Defendant Syed Tariq Ali was a resident of the City of St. Louis.

17. At all relevant times, Defendant was engaged as Iman of a mosque in the City of St. Louis called Qouba Masjid.

18. At all relevant times, Defendant was in contact with a mosque in St. Louis County, Missouri called Daar-ul-Islam Masjid. This mosque provided financial assistance to needy members of the St. Louis community through an entity called the Islamic Foundation of Greater St. Louis (the "Foundation").

19. At all relevant times, Defendant requested financial assistance for members of his congregation through Daar-ul-Islam Masjid and the Foundation.

*The Scheme*

20. The scheme existed between December 2008 and continued through at least April 2010 (the "relevant time period").

21. It was the object of the scheme for Defendant to abuse his position with Qouba Masjid, Daar-ul-Islam Masjid and the foundation to steal funds intended for members of Defendant's congregation at Qouba Masjid.

22. It was a part of the scheme that Defendant included members of Quoba Masjid in a list of needy individuals which was transmitted to Daar-ul-Islam Masjid and the Foundation.

23. It was a further part of the scheme that in reliance of Defendant's representation that members of Quoba Masjid were in financial need, Daar-ul-Islam Masjid and the Foundation would provide Defendant with checks payable to needy members of Defendant's congregation that he listed.

24. It was a further part of the scheme that Defendant forged the signature of the payee, signed his own signature and deposited checks for the victims listed below into a financial account he controlled in the name of Qouba Foundation.

25. It was a further part of the scheme that Defendant withdrew the amounts of the checks in cash on the next day or soon after making the aforementioned deposits.

*Offense Conduct*

26. Between on or about December 1, 2008 and April 15, 2010 in the Eastern District of Missouri and elsewhere, the Defendant,

**SYED TARIQ ALI,**

did knowingly execute and attempt to execute a scheme to defraud a financial institution and to obtain money, funds, credits, or other property owned by or under the custody and control of a financial institution by means of presenting forged securities and checks, to wit: numerous forged checks and securities payable to H.M., to a financial institution.

All in violation of Title 18, United States Code Section 1344.

A TRUE BILL

_____
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

_____
Thomas C. Albus, #96250
Assistant United States Attorney